IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS BELANCIO, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No.  17-CV-01180 |
| KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT, SUSAN MOSIER, M.D., Secretary of the Kansas Department of Health and Environment, in official capacity, and MICHAEL RANDOL, Director of the Division of Health Care Finance, in his official capacity, MARY ELLEN O'BRIEN WRIGHT, Senior Manager of WORK, in her official capacity, and SHERRI MARNEY, WORK program manager in her official capacity, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

Comes now the plaintiff Thomas Belancio and for his cause of action against the defendant alleges and states as follows:

### Parties

1. The plaintiff Thomas Belancio ("Tom") is a citizen of the United States and resides in Johnson County, Kansas.  He is a qualified person with a disability as defined by the Rehabilitation Act of 1973 (29 U.S.C. 705(20)) and the Americans with Disabilities Act (42 U.S.C. 12102(2)) in that he has continuing conditions which include Autistic Spectrum Disorder (ASD), Borderline IQ, cerebral palsy, epilepsy and seizure disorders, Type II Diabetes, high cholesterol, depression and psoriasis, which are physical and mental impairments which substantially limit one or more of his major life activities; has a record of having such an impairment; and is regarded as having such an impairment.

1

2. Tom has developmental disabilities.  He has not been declared incompetent, but his brother Michael L. Belancio is acting as his surrogate through a Power of Attorney.  Michael L. Belancio is an attorney at law, he is Tom's attorney in fact, his representative for the Kansas WORK program, and his representative payee for purposes of Social Security.

3. The defendant Kansas Department of Health and Environment (KDHE) is designated as the single state Medicaid agency for Kansas and can be served with process by serving Susan Mosier, Sedretary of the Kansas Department of Health and Environment, Curtis State Office Building, 1000 SW Jackson, Suite 540, Topeka, KS 66612.

4. The defendant Susan Mosier is the Secretary of the Kansas Department of Health and Environment and can be served with process at Curtis State Office Building, 1000 SW Jackson, Suite 540, Topeka, KS 66612.

5. The defendant Michael Randol is the Director of the Division of Health Care Finance and can be served with process at 900 SW Jackson, Suite 900 N, Topeka, KS 66612-1220.

6. The defendant Mary Ellen O'Brien Wright is the Senior Manager of the WORK program and can be served with process at 900 SW Kansas, Suite 900N Topeka, KS 66612.

7. The defendant Sherri Marney is the WORK Program Manager and can be served with process at 900 SW Kansas, Suite 900N Topeka, KS 66612.

### Facts

8. The Kansas Department of Health and Environment (KDHE) is the single-state Medicaid agency for Kansas.  The Division of Health Care Finance within KDHE

is the administrative unit responsible for the administration of the Kansas Medicaid programs, including the WORK program.

9. The State of Kansas participates in the federal Medicaid program and is a recipient of federal financial assistance. The agreement between the State of Kansas and the U.S. Department of Health and Human Services (HHS) is memorialized by a State Medicaid Plan. An amendment to a State Plan is memorialized by a State Plan Amendment (SPA). Kansas implemented WORK as a SPA in 2007.

10. The WORK program is based on 42 U.S.C. 1396n (j) dealing with "Optional choice of self-directed personal assistance services" and 42 C.F.R. Part 441, Subpart J dealing with "Optional Self-Directed Personal Assistance Services Program" and generically, known as "cash and counseling" programs.

11. KDHE has issued an administrative manual for WORK that specifies the various definitions, scope, functions, and limitations for the WORK program. The current manual is available as an online resource at: http://www.kdheks.gov/hcf/workinghealthy/download/WORK_Program_Manual.pdf .

12. The current WORK manual at Section 3000 describes WORK as, "…a program through which people enrolled in Working Healthy receive personal assistance services (PAS)."

13. The current WORK manual at Section 7000 describes PAS as including:
    a. "One or more persons physically assisting an individual with, or cuing/prompting an individual, to perform Activities of Daily Living

      (ADLs) at home and at work. ADLs include bathing, grooming, toileting, transferring, feeding, and mobility."

    b. "One or more persons physically assisting an individual with, or cuing/prompting an individual with Instrumental Activities of Daily Living (IADLs) at home and in the community. IADLs include housecleaning, laundry, meal preparation, money management, lawn care/snow removal, and transportation."

14. Thomas Belancio was initially assessed on April 23, 2014, as needing 91.97 monthly PAS hours for a monthly allocation of $1,182.00 for the period 6/1/2014 through 5/31/2015. ($1,218.59 less a 3% discount for an agency-directed budget.) The assessment called for 91.97 hours per month.

15. His approved budget provided for $50.00 to the Mission Project for transportation, $35 for Lea Johnson for housekeeping, and $1,092 to Kansas Focus for 52 hours at $21.00 per hour for personal services. The budget utilized 56.54% of the assessed hours.

16. While generally providers are allowed $13.25 per hour, the plaintiff was allowed to pay Kansas Focus $21.00 per hour because of its expertise in dealing with persons who have the disabilities that Thomas Belancio has, and its ability to accomplish more than unskilled workers in fewer hours.

17. The budget was revised on 11/19/2014 effective 12/1/14 and approved and provided for $130.00 to the Mission project for transportation, $35.00 for Lea Johnson for housekeeping, and $1,008.00 to Kansas Focus for 48 hours at $21.00 for personal services.

18. Thomas Belancio was re-assessed on April 23, 2015 as needing 102.4 monthly PAS hours. This was an increase from his 2014 assessment of 91.97 hours. His 2015 allocation, after applying the WORK computation formula, was $1,316.00 per month. Of this amount, $1,239.00 is for 59 hours at $21 per hour payable to Kansas Focus.
19. His proposed 2015 budget utilized 57.6% of the assessed hours for Kansas Focus.
20. In September, 2016, the defendant Marney advised that WORK "needed to have a schedule if the percentage falls below 80% and if the percentage falls below 70% the budget is not approvable. This way as long as a member is getting 70% of their assessed hours we can approve the budget as long as there is a schedule that reflect all the member's needs are being met." This "need" is not published in any document, other than an email from Marney to Wright dated May 7, 2015 asking if it should be included in the Program Manual, and neither the plaintiff nor his representative were aware of it until after May 13, 2015.
21. A schedule was provided to the defendants by the plaintiff demonstrating how all the member's needs are being met.
22. On May 7, 2015, Michael Belancio, on behalf of Thomas Belancio, wrote a letter to Ms. Marney requesting a modification in the so-called practice of refusing to approve a budget that utilized less than 70% of the hours, even though all of the allocated funds were utilized. Michael Belancio also offered to come to Topeka from Kansas City—an attempt at the "interactive process"—to meet with Ms. Marney. The offer was ignored.
23. On May 13, 2015, Ms. Marney and Ms. Wright rejected the plaintiff's proposed budget.

24. On May 13, 2015, following that rejection, Michael Belancio again wrote to Ms. Marney requesting reasonable accommodations by modifying the practice of automatically rejecting the budget.

25. The Plaintiff's program is not participant- or self-directed.  Expenditures are monitored by Kansas Focus and/or his case manager.

26. The Plaintiff's assessment is performed assuming unskilled personal assistance services and is accurate.

27. The parties agree that at the 2015 assessment, "all involved, including personnel from KDHE, agreed that the appellant's proposal (already being used) was working for the appellant."  The Plaintiff's program utilizes skilled personal assistance services.

28. The Plaintiff did not give the defendants the authority to abuse their discretion, make arbitrary or capricious decisions, or violate the Americans with Disabilities Act or the Rehabilitation Act of 1973.

29. An appeal to the Office of Administrative Hearings was timely filed and on January 18, 2017, the Administrative Law Judge issued his Initial Order affirming the agency's actions rejecting the budget.

30. A Petition for Review was then timely filed before the Division of Health Care Finance State Appeals Committee, and on July 6, 2017, the DHCF State Appeals Committee issued its Final Order in which it affirmed the decision of the presiding officer and adopted, incorporated, and supplemented the Findings of Fact and Conclusions of Law issued in the Initial Order.

## Jurisdiction and Venue

26. This Court has jurisdiction over this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12188, Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794, and 28 U.S.C. § 1331.

27. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(b) because Defendant operates and is authorized to do business in the state of Kansas and, as a result, resides in this judicial district, pursuant to 28 U.S.C. § 1391(c).

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

28. The above paragraphs are restated and incorporated herein as though set forth in full.

29. The ADA regulations provide:

    a. No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity. 28 CFR 35.130(a).

    b. Discrimination includes a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; 42 U.S.C. 12182(b)(2)(A)(ii), 28 CFR 35.130(a)(7),

> *Wright v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 831 F.3d 64 (2d Cir. N.Y. 2016).

30. The defendants discriminated against the plaintiff by failing to make reasonable modifications in the practices and policies where such modifications are necessary to afford the plaintiff the benefits of the WORK program.

31. The defendants failed to make an individualized inquiry to determine whether a specific modification for a particular person's disability would be reasonable under the circumstances as well as necessary for that person, and yet at the same time not work a fundamental alteration. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 121 S. Ct. 1879, 149 L. Ed. 2d 904, (U.S. 2001).

32. The defendants failed to ensure that its safety requirements were based on actual risks, not on mere speculation, stereotypes, or generalizations about individuals with disabilities. 28 CFR 35.130(h).

33. The plaintiff is entitled to a permanent injunction enjoining the defendant from enforcing its practice to automatically disapprove the budget of the plaintiff where the number of hours utilized is less than 70% of the number of hours needed as determined by the assessment.

34. The plaintiff is entitled to his reasonable attorney fees, expenses, and costs.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT OF 1973

35. The above paragraphs are restated and incorporated herein as though set forth in full.

36. The plaintiff, solely by reason of his disability, has been excluded from the participation in, be denied the benefits of, or be subjected to discrimination

under any program or activity receiving Federal financial assistance, to-wit: the Kansas WORK program. 29 U.S.C. § 794.

36. The plaintiff is entitled to his reasonable attorney fees, expenses, and costs.

WHEREFORE, plaintiff prays for judgment against the defendants enjoining them from violating the Americans with Disabilities Act and the Rehabilitation Act of 1973; requiring the defendants to modify their policies and practices to allow the Plaintiff to utilize skilled personal assistance services under the WORK program at a higher rate of pay within his assessed amount; enjoining the defendants from refusing to approve the plaintiff's budget submitted by the plaintiff for 2015 and the years following, and for his reasonable attorney fees, costs, and litigation expenses.

DAVID P. CALVERT, P.A.

/s/ David P. Calvert
David P. Calvert (#06628)
David P. Calvert, P.A.
532 N. Market
Wichita, KS 67214
Phone (316) 269-9055
Fax (316) 269-0440
Email lawdpc@swbell.net

### Designation of Place of Trial

Plaintiff designates Wichita, Kansas, as the place of trial.

DAVID P. CALVERT, P.A.

By: /s/ David P. Calvert
David P. Calvert, #06628

9

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 31st day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Brian M. Vazquez
Health Care Finance Legal Group
Kansas Dept. of Health & Environment
Ste. 560, Curtis State Office Bldg.
Topeka, KS 66612
Email: bvazquez@kdheks.gov

                /s/ David P. Calvert
                David P. Calvert, #06628